UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENTON, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BBBB BONDING CORPORATION, CLIFFORD JEFFREY STANLEY, ROBERT HILL-VENN, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:24-cv-1294 DC AC<br><br><br>ORDER |

This matter is before the court on a motion to compel brought by plaintiff. ECF No. 21. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties submitted the required joint statement. ECF No. 23. The motion was taken under submission. ECF No. 22. For the reasons set forth below, the motion to compel is GRANTED.

**I.      Relevant Background**

This putative wage and hour class action was removed to federal court from San Joaquin County Superior Court on May 3, 2024. ECF No. 1. The operative First Amended Complaint was filed on June 20, 2024. ECF No. 6. The First Amended Complaint alleges, in relevant part, as follows.

Defendant BBBB Bonding Corporation ("BBBB") is a company doing business in the

1

1  County of San Joaquin, California.  ECF No. 6 at 1.  Defendant Clifford Jeffrey Stanley was an

2  adult who acted on behalf of BBBB and caused wage and hour violations of the California Labor

3  Code.  Id.  Plaintiff Michael Benton brings a putative class action, with the proposed class defined

4  as "[a]ll current and former employes of Defendant who worked for Defendant as a bail agent in

5  the State of California at the time commencing four years preceding the filling of Plaintiff's

6  Complaint up until the time that notice of the certified class action is provided to the Class[.]"  Id.

7  at 3.  Plaintiff brings multiple causes of action, including multiple alleged violations of California

8  law and the Fair Labor Standards Act.  Id. at 8-16.

9      On May 14, 2025, the undersigned approved the parties' stipulated protective order.  ECF

10  Nos. 18, 19.  Fact discovery in this case closes on April 10, 2026; discovery is not bifurcated and

11  is proceeding in the ordinary course.  ECF No. 17.  The class certification motion filing deadline

12  is November 14, 2025.  Id.  The motion to compel at bar was filed on June 9, 2025, and became

13  ripe on July 9, 2025.  ECF No. 21.

## II.  Motion to Compel

15      The parties represent that they have adequately met and conferred but were unable to

16  reach a resolution regarding defendants' response to several interrogatories and requests for

17  production.  ECF No. 23 at 2.  The dispute has been broken into two parts: (1) contact

18  information and dates of employment for the putative class (Interrogatories 2-3)[1]; and (2)

19  employment records for the putative class (Requests for Production 27, 30, 32, 34)[2].

---

[1] Interrogatory No. 1: "Identify, in electronic manipulable spreadsheet format, the names and last known contact information, including address, telephone number, and email address, of all PUTATIVE CLASS MEMBERS.  To facilitate the production of the information requested above, Plaintiff is agreeable to a protective order in lieu of a Belaire notice."  ECF No. 23 at 4. Interrogatory No. 2: "For each PUTATIVE CLASS MEMBER, identify said PUTATIVE CLASS MEMBER's first and last dates of employment, including identifying any breaks in employment followed by any subsequent period of employment."  Id.

[2] RFP No. 27: "Any and all documents consisting of or relating to the PUTATIVE CLASS MEMBERS' work schedules while employed by and/or working for DEFENDANT during the CLASS LIMITATIONS PERIOD."  ECF No. 23 at 8.
RFP No. 30: "Any and all-time records and other documents evidencing the hours worked by the PUTATIVE CLASS MEMBERS during the CLASS LIMITATIONS PERIOD, including, but not limited to, all documents relating to hours worked, daily or weekly time cards or sheets showing (continued…)

A. <u>Applicable Legal Standards</u>

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

B. <u>Contact Information and Dates of Employment for Putative Class</u>

Defendants contend that they are not required to provide complete responses to plaintiff's interrogatories seeking putative class member contact information and dates of employment because plaintiff is not an adequate class representative, and they are preparing a motion to preemptively decertify the class pursuant to <u>Vinole v. Countrywide Home Loans, Inc</u>., 571 F.3d

---

the actual dates and hours worked, and any other documents showing start times, stop times, and meal and rest break periods." <u>Id.</u>

RFP No. 32: "Any and all itemized wage statements (i.e. paystubs) provided by DEFENDANT to the PUTATIVE CLASS MEMBERS during the CLASS LIMITATIONS PERIOD." <u>Id.</u> at 10.

RPF No. 34: "All payroll records, payroll reports, or other documents evidencing the payment of monies to the PUTATIVE CLASS MEMBERS during the CLASS LIMITATIONS PERIOD." <u>Id.</u>

935 (9th Cir. 2009) ("Countrywide"), which held a defendant may move to preemptively deny class certification prior to a plaintiff filing his own certification motion. ECF No. 23 at 7. This argument is not persuasive. No motion to decertify the class is presently pending. And in any event, discovery regularly proceeds during the pendency of motions, including motions that are potentially dispositive. Indeed, the ordinary course of litigation is for discovery to proceed in the face of a pending dispositive motion, and courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." Salazar v. Honest Tea, Inc., 2015 U.S. Dist. LEXIS 146357 at *4, 2015 WL 6537813 at *1 (E.D. Cal. 2015) (citation omitted). Notably, defendants have not moved to stay discovery (nor could they, because there is no pending dispositive motion upon which they could base a motion to stay). There is no merit to defendants' contention that they can delay responding to discovery because they *intend* to file a potentially dispositive motion.

Defendants further argue that putative class members' personal information is at issue in these interrogatories, and the protective order already approved in this case is not sufficient to protect the privacy of these individuals. ECF No. 23 at 7. Defendants contend that they would be willing to provide the requested information "after the fitness of Mr. Benton to serve as a class representative is adjudicated and after a Belaire West Notice has been issued." Id. First, the court notes that discovery in this action is not bifurcated, and defendant has no basis to withhold or delay discovery pending a determination as to whether Mr. Benton is a proper class representative.

Second, a Belaire-West notice (a notice used in California state court class actions providing an opt-out option to putative class members) is not necessary in this case. See Belaire-West Landscape Inc. v. Superior Court, 149 Cal. App. 4th 554, 562 (2007). "There is no federal requirement that parties use a Belaire-West notice," and district courts in this circuit regularly use protective orders to protect the privacy of putative class members. Davidson v. O'Reilly Auto Enters., LLC, 968 F.3d 955, 965 (9th Cir. 2020). There is no especially sensitive information at issue in this case, and the court finds that the existing protective order is sufficient.

For these reasons, the motion to compel is GRANTED and defendants shall provide full

responses to Interrogatories 2 and 3.

### C. Employment Records for Putative Class

The requests for production at issue here seek employment records, including but not limited to wage statements, payroll, and timesheet records. ECF No. 23 at 8-10. Defendants submitted supplemental responses, stating that there are no responsive records with respect to RFP No. 27 (seeking work schedules), but agreeing to provide a 25% sampling of redacted time records. ECF No. 23 at 13. Defendants repeat their arguments detailed about plaintiff's insufficiency as a class representative and their intention to move to decertify the class. Id. at 12-13. The court has already rejected those arguments as set forth above.

Insofar as there are no responsive documents, in the absence of evidence to the contrary, plaintiff is required to accept that defendants do not possess responsive documents. See e.g. Weber v. TMG Logistics, Inc., No. 2:15-CV-01829-JAM-AC, 2017 WL 5665847, at *4, 2017 U.S. Dist. LEXIS 194460 (E.D. Cal. Nov. 27, 2017), aff'd, 805 F. App'x 463 (9th Cir. 2020). Plaintiff has made no argument that the documents do, in fact, exist. If defendants completed an appropriate search and found no responsive documents, the court cannot compel further production.

However, with respect to defendants' offer to produce a 25% sampling in response to the requests, the court is unpersuaded by defendants' logic of limitation. Plaintiff argues that there are likely fewer than 50 putative class members, and that there are potentially different types of employees within the putative class, rendering a 25% sampling insufficient. Id. at 12. Defendants do not respond to this point or provide any justification for their 25% sampling proposal. Accordingly, the court is unpersuaded that any such limitation is necessary or appropriate. The motion to compel is GRANTED and defendants are ordered to fully respond to the requests for production at issue.

////

////

////

### III. Conclusion

Plaintiff's motion to compel (ECF No. 21) is GRANTED and defendants are ORDERED to fully respond to all discovery requests at issue within 14 days of this order.

IT IS SO ORDERED.

DATED: July 16, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE